IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff-Appellee ) | |
| ) | |
| v. ) | Docket No. 12-4649 |
| ) | |
| AARON COPPEDGE ) | |
| ) | |
| Defendant-Appellant-Petitioner ) | |

### PETITION FOR PANEL REHEARING
### AND REHEARING EN BANC

**Statement of Purpose**:

The petitioner, Aaron Coppedge (hereafter "Coppedge"), by his attorney Jorgelina E. Araneda, respectfully requests the granting of the instant Petition for Panel Rehearing and Rehearing En Banc under Fed. R. App. P. 35(b) and 40(a). In support of this petition, counsel represents the following:

I express a belief, based on reasoned an professional judgment, that the panel's unpublished opinion of July 25, 2013 (attached as Addendum) overlooked material facts regarding its decision to uphold the district court's application of a three-level enhancement under the Guidelines for Coppedge having acting in a managerial/supervisory role in a drug conspiracy.

**Facts and Procedural History**:

Aaron Coppedge, defendant/appellant, was federally indicted on July 9, 2009, along with two-other co-defendants, Tavares Lee Waters and Roy Cecil Rhodes Jr. Coppedge was accused of: (1) being part of a conspiracy from April 2008 until on or about June 3, 2009 with his two co-defendants, to distribute and possess with intent to distribute more than fifty (50) grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) aiding and abetting Tavares Lee Waters on or about April 16, 2009 to knowingly and intentionally distribute five (5) grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (3) aiding and abetting Roy Cecil Rhodes Jr. on or about April 23, 2009 to knowingly and intentionally distribute five (5) grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (4) aiding and abetting Tavares Lee Waters on or about May 21, 2009 to knowingly and intentionally distribute five (5) grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (5) on or about June 3, 2009 to knowingly and intentionally distribute five (5) grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (6) on or about June 3, 2009 to knowingly and intentionally distribute five (5) grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He was also placed on notice for purposes of 21 U.S.C. §§ 841(b) and 851 that

he had committed the offenses after two prior convictions for a felony drug offense.

A jury trial ensued and Coppedge was found guilty of all the counts on February 5, 2010. Sentencing took place on May 13, 2010 and Coppedge received life imprisonment. Notice of appeal was filed on May 28, 2010.

On November 18, 2011, the Fourth Circuit Court of Appeals issued an unpublished opinion that affirmed in part, vacated in part, and remanded Coppedge's case back to the district court due to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).

On August 8, 2012 the sentencing remand hearing was completed and Coppedge was sentenced to a total of 360 months of imprisonment. Notices of appeal were filed by Coppedge and his counsel.

On July 25, 2013, this Court issued a judgment that the judgment of the district court was affirmed and issued an unpublished opinion. It held that three of the appellate arguments, raised for the first time on appeal during the second appeal, were foreclosed from consideration based on the mandate rule. Coppedge raised a fourth appellate argument that the district court erred when it applied a three-level increase to Coppedge's offense level for having a managerial/supervisory role when there was insufficient evidence to show that Coppedge actively exercised some authority over other participants in the operation or actively

managed its activities. This Court stated "[w]e have thoroughly reviewed the record and conclude that the district court did not err in applying this enhancement."

### Reason for Granting Rehearing

**This Court overlooked material facts regarding its decision to uphold the district court's application of a three-level enhancement under the Guidelines for acting in a managerial/supervisory role in the conspiracy.**

The district court applied a three-level enhancement for Coppedge having acted in a managerial/supervisory role in the drug conspiracy. On appeal this Court upheld the enhancement while the record shows that Coppedge provided insufficient ongoing supervision and coercive authority to warrant the enhancement.

This Court in *U.S. v. Slade*, 631 F.3d 185 (4th Cir.), *cert. denied*, 131 S.Ct. 2943 (2011), stated:

> The enhancement is appropriate where the evidence demonstrates that the defendant "controlled the activities of other participants" or "exercised management responsibility."... According to the PSR, which the district court adopted, Slade was a "mid[-] to upper-level" member of the drug conspiracy who sold or delivered cocaine and cocaine base both to his own clientele and to other members of the conspiracy, who in turn, sold the drugs to their clientele. Certain co-conspirators also sold cocaine and cocaine base "for" Slade on various occasions. The PSR reveals further that an unindicted co-conspirator drove Slade to various locations to deliver cocaine base to his clients. These are the only factual findings supporting the role enhancement

> assessed against Slade, [fn2] and they do not justify imposition of an enhancement for a management or supervisory role.

*Id.* at 190. The evidence presented by the government in this case is not different from the evidence presented in the *Slade* case.

There was not any testimony "where the defendant directed the activities of street-level drug dealers and advised them on drug sales techniques, set prices and payment terms." *United States v. Bartley,* 230 F.3d 667, 673-74 (4th Cir. 2000). Like in *Slade*, this case has no evidence that Coppedge exercised any supervisory responsibility over the people he dealt with by controlling them or directing the terms of their sales.

In *United States v. Weaver,* No. 12-3323 (7th Cir. 2013), the court vacated the sentence of the defendant when it found that he had "provided insufficient ongoing supervision and coercive authority to warrant the enhancement." *Id.* at 10. The Court noted "For purposes of § 3B1.1 then, a defendant exercises control and authority over another when he 'tells people what to do and determines whether they've done it.' [*United States v.*] *Figueroa,* 682 F. 3d [694] at 697 [(7th Cir. 2012)]." *Id.* at 9. "Thus, the ability to coerce underlings is a key indicator of control or authority suggestive of managerial or supervisory responsibility in the criminal enterprise." *Id.* The court in evaluating that defendant's activities found that:

> Weaver provided insufficient ongoing supervision and coercive authority to warrant the enhancement. He simply fronted methamphetamine to Wilkey and Dale, urging them to sell it quickly and pay him. Yet "[s]upplying drugs and negotiating the terms of their sale do not by themselves justify a Section 3B1.1 increase, for these things do not indicate that the person who does them has a greater degree of responsibility for putting together the drug operation or a particular deal than anyone else involved, including the customer." *United States v. Vargas*, 16 F.3d 155, 160 (7th Cir. 1994); *see also United States v. Pagan*, 196 F.3d 884, 892 (7th Cir. 1999) ...

*Id.* at 10-11. The court noted that Weaver did not tell the co-conspirators "what price they had to charge their customers, or impose territorial limits on their sales, or set distribution quotas." *Id.* at 11.

In examining the case before this Court, at sentencing when Officer Rose Edmonds testified about co-defendant Tavares Waters' testimony, she said "Aaron called me and asked me would I sell Devon something and I said yes." JA:68. She further testified that Waters said "Aaron asked me what I wanted for that." JA: 69. This is not evidence indicating that Coppedge actively exercised some authority over other participants in the operation or actively managed its activities.

On another occasion, Edmonds testified that Waters said "Aaron asked me would I take another eight ball and drop it off to somebody for him. I said okay." JA:71. This is not evidence indicating that Coppedge actively exercised some authority over other participants in the operation or actively managed its activities.

On another occasion, Edmonds testified that Waters stated he was a runner for Coppedge in 2009 and that Aaron would call him and have him deliver drugs to customers. JA:72. However, nothing was brought up about money terms or any other facet of these deliveries. Edmonds also testified that Tavares Waters was a drug dealer himself and he would purchase drugs from Aaron Coppedge. JA:74.

Another person about whom Edmonds testified at the resentencing was Antonio Maurice Rouse. Rouse claimed he dealt with Coppedge on two occasions in 2009, JA:76, but that he had to go through a man by the name of Roy Rhodes. JA:77. Edmonds testified "Rouse called Coppedge and told – and Coppedge told Rouse to call Rhodes, he had whatever he wanted." JA:77. There was also testimony that Rhodes sold his own drugs, obtained from Coppedge, in addition to making deliveries for Coppedge. JA:90.

The Seventh Circuit in its *Weaver* decision examined the enhancement in the context of business and what typical business managers are expected to do. It found that the defendant and his co-conspirators "had nothing more than a merchant-customer relationship." That is exactly what we have with Coppedge and the facts of this case do not support the § 3B1.1 managerial/supervisory enhancement.

**WHEREFORE,** for all the foregoing reasons, petitioner request that this Court grant the instant Petition for Panel Rehearing and Rehearing En Banc.

This the 4th day of August, 2013.

Respectfully submitted,

/s/ Jorgelina E. Araneda
By: Jorgelina E. Araneda
Attorney for Petitioner/Defendant
NC State Bar 17114
4600 Marriott Drive, Suite 350
Raleigh, NC  27612
Email: jea@aranedalaw.com
Tel:   919.788.9225
Fax:   919.788.9151
CJA Panel Appointment

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2013, I served via electronic filing this petition on:

Jennifer May-Parker
United States Attorney's Office
310 New Bern Avenue, Suite 800
Raleigh, NC  27601-1461

/s/ Jorgelina E. Araneda
By:  Jorgelina E. Araneda
Attorney for Petitioner/Defendant
NC State Bar 17114
4600 Marriott Drive, Suite 350
Raleigh, NC  27612
Email: jea@aranedalaw.com
Tel.: 919.788.9225
Fax: 919.788.9151
Appointed